1  NICHOLS KASTER & ANDERSON LLP
2  Bryan J. Schwartz, CA State Bar No. 209903
   Schwartz@nka.com
3  Matthew C. Helland, CA State Bar No. 250451
   Helland@nka.com
4  One Embarcadero Center, Suite 720
5  San Francisco, CA 94111
   Telephone: (415) 277-7235
6  Facsimile: (415) 277-7238

7  ERVIN, COHEN & JESSUP LLP
8  Eric W. Cheung, CA State Bar No. 235008
   echeung@ecjlaw.com
9  9401 Wilshire Blvd, 9th Floor
   Beverly Hills, CA 90212
10 Telephone: (310) 281-6392
   Facsimile: (310) 887-6874
11
12 NICHOLS KASTER & ANDERSON, PLLP
   Donald H. Nichols, MN State Bar No. 78918
13 Nichols@nka.com
   (admitted **pro hac vice**)
14 Paul J. Lukas, MN State Bar No. 22084X
   Lukas@nka.com
15 (admitted **pro hac vice**)
16 4600 IDS Center, 80 S. 8th Street
   Minneapolis, MN 55402
17
   Attorneys for Individual and Representative Plaintiffs
18

19        **IN THE UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION**
20

| | |
|---|---|
| 21  Sidhartha Misra, et al, individually, on behalf of others similarly situated, | Case No. SACV 07-00994 DOC (Rcx) |
| 22  and on behalf of the general public, | **PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE PURSUANT TO §216(B) OF THE FLSA, AND FOR PRODUCTION OF CLASS LIST IN EXCEL FORMAT WITHIN 10 DAYS OF THE DATE THIS MOTION IS GRANTED** |
| 23 | |
| 24            Plaintiffs, | |
| 25  v. | |
| 26  Decision One Mortgage Company, et al, | |
| 27 | |
| 28            Defendants. | Honorable David O. Carter<br>Complaint Filed: August 23, 2007 |

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................... 1

II. DEFENDANTS' DECLARATIONS ARE NOT RELIABLE ..................... 1

III. THE COURT NEED NOT WASTE TIME ADDRESSING THE MYRIAD OF OBJECTIONS FILED BY DEFENDANTS. ........................................ 4

IV. DEFENDANTS SITE THE WRONG STANDARD FOR FIRST STAGE CONDITIONAL CERTIFICATION ANALYSIS ...................................... 6

V. DEFENDANTS' COMPANY-WIDE CLASSIFICATION DECISIONS ARE A "SINGLE DECISION, POLICY OR PLAN" APPROPRIATE FOR CONDITIONAL CERTIFICATION ................................................. 9
    a. Defendants Admit That All AM-III's Were Subject to the Same Classification Decision and Policy ................................................ 9
    b. Defendants Admit that FQ-IAE's Outside of California and Illinois Were Subject to the Same Classification Decision and Policy ............. 11
    c. Plaintiffs' Declarations Have "Successfully Engaged" Defendants' Declarations to the Contrary on the Issue of Entry-IAE's, Such That Conditional Certification Is Appropriate ............................................... 12

VI. THE COURT SHOULD DISTRIBUTE NOTICE AS PROPOSED BY PLAINTIFFS ............................................................................................ 13

VII. CONCLUSION ....................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**

Adams v. Inter-Con Security Sys., Inc., 242 F.R.D. 530 (N.D. Cal 2007)..6, 7, 8, 13

Barrentine v. Arkansas-Best Freight System, Inc., 450 U.S. 728 (1981) ...............13

Basco v. Wal-Mart Stores, Inc., 2004 WL 1497709 (E.D.La. 2004)........................7

Beauperthuy v. 24 Hour Fitness USA, Inc.,
   2007 WL 707475 at *7, fn 5 (N.D.Cal. 2007) ................................5, 6, 8, 9, 10, 11

Benson v. West Coast Const., 2007 WL 445456 (W.D. Wash. 2007).......................7

Bernard v. Household, Int'l, Inc., 231 F.Supp2d 433 (E.D. Va. 2002) .....................7

Brooks v. BellSouth Telecomm., Inc., 164 F.R.D. 561 (N.D. Ala. 1995) .................7

Burk v. Contemporary Home Services, Inc., 2007 WL 2220279 (W.D. Wash.).......7

Castle v. Wells Fargo Financial, Inc., 2008 WL 495704 (N.D. Cal. 2007)...............7

D'Anna v. M/A Corn, Inc., 903 F. Supp. 889 (D. Md. 1995)....................................8

Delgado v. Ortho-McNeil, Inc.,
   2007 WL 2847238 (C.D. Cal. 2007)................................................6, 7, 8, 9,10, 11

Diaz v. Electronics Boutique of Am., 2005 WL 2654270 (W.D.N.Y. 2005)............7

Edwards v. City of Long Beach,
   467 F.Supp.2d 986 (C.D. Cal. 2006) .................................................6, 7, 8, 9, 11

England v. New Century Fin. Corp., 370 F.Supp.2d 504 (M.D. La. 2005)..............7

Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042 (N.D. Ill. 20ld03) ...................7

Freeman v. WalMart Stores, Inc., 256 F.Supp.2d 941 (W.D. Ark. 2003) .................9

Gerlach v. Wells Fargo & Co., 2006 WL 824652 (N.D. Cal. 2006)..................6, 7, 8

Guess v. U.S. Bancorp, 2008 WL 544475 (N.D.Cal. 2008) ...................................12

Haynes v.Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983).........................................8

Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001) .......................12

Hoffman La Roche, Inc. v. Sperling, 493 U.S. 165 (1989)...........................8, 12, 13

Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004)...............................7

Hotel Tel. Charges, 500 F.2d 86 (9th Cir. 1974)........................................................8

Hunter v. Sprint Corp., 346 F.Supp.2d 113 (D.D.C. 2004)...................................8, 9

Jackson v. New York Tel. Co., 163 F.R.D. 429 (S.D.N.Y. 1995) .............................8

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

King v. West Corp., 2006 WL 118577 (D. Neb. 2006) ............................................... 7

Kinney Shoe Corp. v. Vorhes, 564 F.2d 859 (9th Cir. 1977) ................................... 12

Leuthold v. Destination America, Inc.,
  224 F.R.D. 462 (N.D. Cal. 2006) ..................................................... 7, 8, 9, 11

Marsh v. Butler County Sch. Sys., 242 F.Supp.2d 1086 (M.D. Ala. 2003) ................ 7

McQuay v. American Int'l Group, Inc, 2002 WL 31475212 (E.D. Ark.) .................. 8

Pfohl v. Farmer's Insurance Group, 2004 WL 554834 (C.D. Cal. 2004) .................. 7

Prentice v. Fund for Public Interest Research, Inc.,
  2007 WL 2729187 (N.D.Cal. 2007) ............................................... 8, 9, 10, 11

Rees v. Souza's Milk Transp., Co., 2006 WL 738997 (E.D. Cal. 2006) ............... 6, 7

Reich v. Homier Distributing Co., 362 F.Supp.2d 1009 (N.D. Ind. 2005) ................ 8

Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474 (E.D.Cal. 2006) ............. 12

Sheffield v. Orius Corp., 211 F.R.D. 411 (D. Or. 2002) ............................................ 7

Smith v. T Mobile USA, Inc., 2007 WL 2385131 (C.D. Cal. 2007) .................... 7, 12

Stanfield v. First NLC Financial Services, LLC,
  2006 WL 3190527 (N.D.Cal., 2006) ..................................................................14

Stone v. First Union Corp., 203 F.R.D. 532 (S.D.Fla 2001) ................................. 6, 7

Tierno v. Rite Aid Corp., 2006 WL 2535056 (N.D.Cal. Aug.31, 2006) ................. 10

Tucker v. Labor Leasing, Inc., 872 F.Supp. 941 (M.D.Fla. 1994) ............................ 8

Wang v. Chinese Daily News, Inc., 231 F.R.D. 602 (C.D.Cal.2005) ...................... 10

Wertheim v. State of Arizona, 1993 WL 603552 (D.Ariz. 1993) ............................. 8

White v. Omose, Inc., 204 F.Supp.2d 1309 (M.D. Ala. 2002) .................................. 7

Williams v Accredited Home Lenders, Inc., 2006 WL 2085312 (N.D. Ga.) ............. 7

Wong v. HSBC Mortg. Corp. (USA),
  2008 WL 753889 (N.D. Cal. March 19, 2008) ............................... 8, 9, 10, 11

Wynn v. National Broadcasting Co., Inc.,
  234 F.Supp.2d 1067 (C.D.Cal 2002) .............................................................. 6, 7

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

**Statutes**
29 C.F.R. 541.601(a) ............................................................................................. 11

Fed. R. Evidence 401……………………………………………………………..5

Fed. R. Evidence 402……………………………………………………………..4

Fed. R. Evidence 403……………………………………………………………..5

Fed. R. Evidence 602……………………………………………………………..4

Fed. R. Evidence 701……………………………………………………………..4

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

## I. INTRODUCTION

Defendants have been quick to cast dispersions throughout this litigation without regard to fact or law. They have accused Plaintiffs of Rule 11 violations for naming Defendants from the family of companies that paid Plaintiffs, provided retirement plans for Plaintiffs, provided health benefits to Plaintiffs, provided Plaintiffs with employee stock options, and gave Plaintiffs their performance reviews. See Dkt. 51-9, 51-10. They have accused Plaintiffs of inexcusable delay when they themselves refused to engage in discovery for almost 6 months. See, generally, Plaintiffs' Opposition to Defendants' Motion to Strike, Dkt. 61. Now, in their response to Plaintiffs' motion for conditional class certification, Defendants accuse Plaintiffs of perjury. However, as Plaintiffs' declarations and evidence submitted with this reply memorandum show, it is Defendants' Human Resources Director who provided this Court with carelessly inaccurate information.

For all of the facts and figures, declarations and documents, and pomp and circumstance of Defendants' opposition, one thing remains clear and true – Defendants subjected Plaintiffs to a uniform, consistent, and company-wide misclassification. For this reason, conditional certification is proper under a first stage analysis.

## II. DEFENDANTS' DECLARATIONS ARE NOT RELIABLE

Very aggressively, Defendants label Plaintiff Sidhartha Misra a perjurer based on differences between his testimony and the testimony of Joy Martin, Defendant's Director of Human Resources. For example, Misra testified that he started working for Decision One in September 2006, Dkt. 51-5 at 39, while Martin testified that he did not start working until November 2006. Dkt. 63. Additionally, Misra testified that he worked as an Inside Account Executive and that he was paid a salary. Dkt. 51-5 at 39. Martin testified that he was classified as non-exempt and paid hourly. Dkt. 63.

Fortunately, Misra was able to locate his offer letter from Decision One and

HSBC, which may clear up any misunderstandings Defendant's Director of Human Resources may have. See March 31 Misra Decl. Exh. A. That letter reads:

> Decision One Mortgage is pleased to extend you a formal offer for the position of Account Executive for the Los Angeles Branch Office. Your bi-weekly salary will be $1153.85, which is $30,000 on an annualized basis. You will also be eligible for incentive as discussed with John Mendoza.
>
> Your start date will be Friday, September 1, 2006.

Id. This letter seems to establish that Misra was offered an "Account Executive" position (as opposed to "Entry Level Inside Account Executive") and was paid a salary right at the start of his employment (as opposed to being paid hourly during an "entry-level" phase). It is also clear that Misra began his employment in September of 2006, as he testified, rather than November 2006, as Martin testified.

This letter calls into question the veracity of Martin's testimony. However, the inaccuracies in her declaration do not end with Misra. The supplemental declaration supplied by Plaintiff Anthony Bertolotti further discredits Martin's testimony. See March 28 Decl. of Bertolotti. Bertolotti confirms that he worked at Decision One starting in 2004. Id. He also testifies that the Tampa, Florida organizational chart, which Defendants submitted with their reply, contains the names of co-workers with whom he worked during 2005 and 2006. Id., March 28 Decl. of Bertolotti Exh. A; Dkt. 63-15. Two other opt-in Plaintiffs, Robert Paredes and Matthew LaRue, who are also listed on the organizational chart, submit declarations with this reply. Both Paredes and LaRue testify that they worked with Bertolotti at Decision One and HSBC during 2005 and 2006. See Decl. of Paredes; Decl. of LaRue.

1    The organizational chart does not have an effective date, but it does say "2-1-05" next to Steven Smith, and before "Orlando TBD."  Dkt. 63-15.  The "2-1-05" appears to indicate a start date for Mr. Smith; at the very least, it suggests that the document was created before November 2006.  Further, Omar Khan, who is also listed as an employee on the chart, no longer worked for Decision One in November 2006.  March 28 Decl. of Bertolotti ¶ 3.  Khan's inclusion on the document suggests that it was created before November 2006; Bertolotti's inclusion on chart suggests that he worked at Decision One and HSBC prior to November 2006.  The weight of the evidence suggests that Martin misrepresented the facts when she testified that Bertolotti did not start working for Defendants until November 2006.

The Bertolotti, Paredes, and LaRue declarations also discredit Martin's testimony regarding the "Entry-IAE" position.  All three Plaintiffs testify they were paid a salary, they were never told they were "Entry-IAE's," and, to their knowledge, they did not change from one kind of IAE to another while they worked at Decision One.  See, Feb. 11, 2008 Decl. of Bertolotti (Dkt. 55-5 at 2); March 28 Decl. of Bertolotti; Decl. of Paredes; Decl. of LaRue.

The factual inaccuracies in Martin's declaration cast serious doubt on Defendants' supposed distinction between "Entry-IAE's" and "FQ-IAE's."  Indeed, for all of the documents and declarations Defendants submitted with their opposition, the distinction between "Entry-IAE" and FQ-IAE" appears in only one place – the Declaration of Joy Martin.  In the organizational flow charts Defendants provided with their opposition, the sales team members are identified simply as AE, Inside/Outside Account Executive, or Account Executive.  See Dkts. 63-2 through 63-16.

Defendants also claim that Plaintiff Ruth Ospino was untruthful about her start date.  Given the evidence provided by Misra and Bertolotti, Martin's testimony on this subject must be doubted.  Further, Defendants claim that

-3-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

Ospino's declaration is "inconsistent" with a separation agreement she signed when she left Decision One. However, as this Court has recognized, Ospino cannot waive her claims in this litigation through a separation agreement. See Dkt. 89. The separation agreement therefore has no import in this litigation. In a final attempt to discredit Plaintiffs, Defendants claim that Plaintiff Julie Wanzer is untruthful about her start date (a reoccurring theme suggesting that Defendants have unlawfully failed to maintain proper employment records) and about her classification. As noted above, the Misra offer letter and the testimony from Bertolotti, et al call Martin's testimony on this subject in to question.[1]

Given the evidence provided with this reply, Martin's "impeachment" of Plaintiffs must be viewed with resounding skepticism. Defendants' misleading and inaccurate testimony is the very reason courts employ a first stage analysis early in the proceedings. Without the benefit of discovery, Defendants' false testimony might be allowed to carry the day. Under a first stage analysis, however, Defendants' testimony, now discredited, is insufficient to defeat conditional certification.

### III. THE COURT NEED NOT WASTE TIME ADDRESSING THE MYRIAD OF OBJECTIONS FILED BY DEFENDANTS.

Defendants submitted pages upon pages of objections to Plaintiffs' declarations. See Dkts. 70-87. Most of the objections relate to foundation and lack of personal knowledge under Fed. R. Evid. 602, relevance under Fed. R. Evid. 402, and improper opinion under Fed. R. Evid. 701. See Id.

The Court need not address these objections at this stage of the litigation. Because Plaintiffs' burden is so minimal on a motion for conditional certification,

---

[1] Defendants have submitted records purporting to show Wanzer's hours worked, but they have not provided any evidence that they actually paid overtime. Defendants also submitted Wanzer's exit interview, which does not contain "inconsistent statements" as Defendants claim. Plaintiffs are not required to report violations of law to their employer during an exit interview.

"evidence which 'may not be sufficient to carry the burden of proof at trial . . . [may be] sufficient to carry the burden on this motion. [citation omitted] Therefore, whatever shortcomings Plaintiffs' declarations have in the way of hearsay and foundation, if any, are not relevant to the Court's determination at this stage.'" Beauperthuy v. 24 Hour Fitness USA, Inc., 2007 WL 707475 at *7, fn 5 (N.D.Cal. 2007) (refusing to sustain over three hundred objections lodged by defendants).  As the Beaupethuy court articulated, imperfections which might prevent admissibility at trial do not lessen the probative value of Plaintiffs' declarations for the instant motion.[2]

Further, as discussed below, the most relevant portions of Plaintiffs' declarations have been confirmed – either by Defendants' testimony and admissions, or through documents and declarations which impeach Defendants'

---

[2] In the event the Court does decide to rule on Defendants' objections, Plaintiffs will address them briefly here.  First, with regards to relevance, Plaintiffs are confident this Court will make its certification decision only on evidence it deems relevant to Plaintiffs' motion. As the Court is well aware, Fed. R. Evid. 401 contains a very low standard.  To the extent the aim of the rule is to prevent extraneous issues from coming before the Court, Plaintiffs are not sure that Defendants' volumes of objections further the spirit of the rule.  Second, with regards to foundation, Plaintiffs are confident the Court will be able to properly weigh Plaintiffs' testimony, which is based on their experience and personal observances as employees of Defendants.  Third, with regards to improper opinion, Plaintiffs are unaware of any application of the rule in which a Plaintiff is not allowed to give opinion testimony which is "self serving."  Indeed, if this is the rule, no Plaintiff would ever be able to present her case.

Defendants separately submit evidentiary objections to the declaration of Plaintiffs' Counsel. See, Dkt. 88. Defendants object largely under Fed. R. Evid. §§ 401-403, arguing "undue delay" – which is ironic, since Defendants submitted 20 pages of objections to which Plaintiffs are now required to respond – and "confusion of the issues" and "undue prejudice."  Plaintiffs do not believe this Court will be confused, nor will Defendants be prejudiced, by the letters Plaintiffs submitted evidencing their attempts to initiate discovery in this case. Likewise, this Court is fully capable of placing the proper weight on the conditional certification decisions and examples of judicial notice Plaintiffs submitted with their memorandum.

-5-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

testimony. This Court has before it all the evidence necessary to grant conditional certification.

## IV. DEFENDANTS SITE THE WRONG STANDARD FOR FIRST STAGE CONDITIONAL CERTIFICATION ANALYSIS

Defendants mistakenly cite to Wynn v. National Broadcasting Co., Inc., 234 F.Supp.2d 1067 (C.D.Cal 2002) and Stone v. First Union Corp., 203 F.R.D. 532 (S.D.Fla 2001) for the conditional certification standard. In Wynn, the court was considering a motion to dismiss, not a motion for conditional class certification. Wynn, 234 F.Supp.2d at 1074. Further, the Wynn court went out of its way to note the unique facts of the case:

> Before analyzing the present case under the standards set forth in the cases cited above (while keeping in mind the early stage of this proceeding), two significant differences must be recognized. First, all of the above cases involve a common employer. As mentioned several times previously, Plaintiffs in this case are instead attempting an unprecedented move of combining the decisions of several loosely-related entities, under an umbrella of a common industry-wide practice. Second, Plaintiffs in this case are attempting to proceed under a "pattern-or-practice" claim, not an individualized discrimination claim.

Id. at 1083. In the case at bar, Plaintiffs do not seek relief from an entire industry and they do not present an ADEA discrimination claim. FLSA conditional certification cases in this circuit do not follow do not follow the factors outlined in Wynn. See, e.g. Delgado v. Ortho-McNeil, Inc., 2007 WL 2847238 (C.D. Cal. 2007); Edwards v. City of Long Beach, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006); Adams v. Inter-Con Security Sys., Inc., 242 F.R.D. 530 (N.D. Cal 2007); Beauperthuy, 2007 WL 707475; Gerlach v. Wells Fargo & Co., 2006 WL 824652 (N.D. Cal. 2006); Rees v. Souza's Milk Transp., Co., 2006 WL 738997 (E.D. Cal.

2006); Leuthold v. Destination America, Inc., 224 F.R.D. 462 (N.D. Cal. 2006). The Wynn factors Defendants cite have no bearing on this case.

The Stone case is similarly inapposite, because it was decided on a motion to **decertify** a class which had been conditionally certified almost three years earlier. Stone, 203 F.R.D. at 534, 537. The case is therefore inapplicable for Plaintiff's motion for conditional certification under a first stage analysis.

Defendants cite numerous other cases which are inapplicable to the instant motion. For example, Defendants site to a host of "off the clock" cases.[3] These cases are inapplicable because Plaintiffs only seek certification of the misclassified job positions at this stage of the litigation. Defendants also cite to cases employing a second stage analysis;[4] in the instant motion, the Court must apply a first stage analysis because Defendants have refused to participate in discovery. See, e.g., Edwards, 467 F.Supp.2d at 990, fn 1; Delgado, 2007 WL 2847238 at *1; Adams, 242 F.R.D. at 539; Gerlach, 2006 WL 824652 at *2; Rees, 2006 WL 738997 at *3; Leuthold, 224 F.R.D. at 467-68. Other cases Defendants cite ignore or reject the two stage analysis used in this Circuit.[5] Defendants even cite cases in which

---

[3] See Smith v. T Mobile USA, Inc., 2007 WL 2385131 (C.D. Cal. 2007); Castle v. Wells Fargo Financial, Inc., 2008 WL 495704 (N.D. Cal. 2007); White v. Omose, Inc., 204 F.Supp.2d 1309 (M.D. Ala. 2002); Marsh v.Butler County Sch. Sys., 242 F.Supp.2d 1086 (M.D. Ala. 2003); Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 20ld03); Burk v. Contemporary Home Services, Inc., 2007 WL 2220279 (W.D. Wash.); Benson v. West Coast Const., 2007 WL 445456 (W.D. Wash. 2007); Sheffield v. Orius Corp., 211 F.R.D. 411 (D. Or. 2002); Williams v Accredited Home Lenders, Inc., 2006 WL 2085312 (N.D. Ga.); Bernard v. Household, Int'l, Inc., 231 F.Supp2d 433 (E.D. Va. 2002); England v. New Century Fin. Corp., 370 F.Supp.2d 504 (M.D. La. 2005)

[4] See Smith, 2007 WL 2385131; Pfohl v. Farmer's Insurance Group, 2004 WL 554834 (C.D. Cal. 2004); Brooks v. BellSouth Telecomm., Inc., 164 F.R.D. 561 (N.D. Ala. 1995); King v. West Corp., 2006 WL 118577 (D. Neb. 2006); Williams, 2006 WL 2085312; Basco v. Wal-Mart Stores, Inc., 2004 WL 1497709 (E.D.La. 2004); England, 370 F.Supp.2d 504.

[5] See Diaz v. Electronics Boutique of Am., 2005 WL 2654270 (W.D.N.Y. 2005); Holt v. Rite Aid Corp., 333 F. Supp. 2d 1265 (M.D. Ala. 2004); Reich v. Homier

-7-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

conditional certification was **granted**.[6] Indeed, for all of the 47 cases they cite in their brief, **Defendants fail to point this Court to a single case from this Circuit in which Plaintiffs have been denied conditional certification, under a first stage analysis, in a misclassification case.** By contrast, Plaintiffs have cited numerous cases **granting** conditional certification under those circumstances. See Delgado, 2007 WL 2847238; Gerlach, 2006 WL 824652; Leuthold, 224 F.R.D. 462; Prentice v. Fund for Public Interest Research, Inc., 2007 WL 2729187 (N.D.Cal. 2007); Beauperthuy, 2007 WL 707475 (N.D.Cal. 2007); Wertheim v. State of Arizona, 1993 WL 603552 (D.Ariz. 1993).[7] In fact, since Plaintiffs filed their motion, conditional certification has been granted to plaintiff loan officers in a case against Defendants' sister company. See Wong v. HSBC Mortg. Corp. (USA), 2008 WL 753889 (N.D. Cal. March 19, 2008).

In order to conditionally certify a case in this Circuit, "a court requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Delgado, 2007 WL

---

Distributing Co., 362 F.Supp.2d 1009 (N.D. Ind. 2005); Hunter v. Sprint Corp., 346 F.Supp.2d 113 (D.D.C. 2004); D'Anna v. M/A Corn, Inc., 903 F. Supp. 889 (D. Md. 1995); Tucker v. Labor Leasing, Inc., 872 F.Supp. 941 (M.D.Fla. 1994); Haynes v.Singer Co., Inc., 696 F.2d 884 (11th Cir. 1983) (decided before Hoffman La Roche, Inc. v. Sperling, 493 U.S. 165 (1989)).

[6] See Edwards, 467 F.Supp.2d 986; Adams, 242 F.R.D. 530; Jackson v. New York Tel. Co., 163 F.R.D. 429 (S.D.N.Y. 1995); McQuay v. American Int'l Group, Inc, 2002 WL 31475212 (E.D. Ark.). There is no explanation for Defendants' citation to Adams, which is an entirely pro-plaintiff decision in which the Court **granted conditional certification** of a **nationwide "off the clock" class**, provided notice, and **granted plaintiffs equitable tolling because of defendants' refusal to provide information to Plaintiffs.** See Adams, 242 F.R.D. 500.

[7] The only cases cited by Defendant denying conditional certification in analogous situations are from outside this Circuit and are not representative of the jurisprudence that guides this Court. In a last ditch effort to conjure some favorable authority from this Circuit, Defendants cite In re Hotel Tel. Charges, 500 F.2d 86, 90 (9th Cir. 1974), a Rule 23 certification case decided 15 years before the Supreme Court laid out the standard for FLSA notice in Hoffman La Roche.

-8-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

2847238 at *1.[8]  The substantial body of authority in this Circuit indicates that motions such as Plaintiffs' are granted as a matter of course.

## V. DEFENDANTS' COMPANY-WIDE CLASSIFICATION DECISIONS ARE A "SINGLE DECISION, POLICY OR PLAN" APPROPRIATE FOR CONDITIONAL CERTIFICATION

Defendants provide this Court with an eleven page of factual statement, the lion share of which has no bearing on this Court's certification decision. For example, Defendants claim that each of their twenty-two branches were independently managed, had different organizational structures, engaged in different loan processes, and had different numbers of employees in different job positions. Dkt. 62 at 1-4, 8-10. Defendants also claim that geographical location affected the value of the loans and the time it took to process loans. Dkt. 62 at 11-12. All of these factors are red herrings the Court should ignore.

### a. Defendants Admit That All AM-III's Were Subject to the Same Classification Decision and Policy

Defendants admit that all AM-III's were classified as exempt. This fact alone is enough to warrant conditional certification. As Judge Carney of this district noted:

> At the notice stage, Plaintiffs need not show that their positions were identical to the putative class members' positions. Freeman v. WalMart Stores, Inc., 256 F.Supp.2d 941, 945 (W.D. Ark. 2003). Instead, it is sufficient if they can show that their position was "similar to those of the absent class members." Id. . . . Plaintiffs have argued, and Defendants do not dispute, that Defendants had a custom,

---

[8] Courts in this Circuit do not add the summary judgment-type requirement of a showing that Defendants' plan or policy "violated the law," as argued by Defendants at page 21 of their motion (Dkt. 62, citing Hunter, 346 F.Supp.2d at 117). See Delgado, 2007 WL 2847238 at *1; Edwards, 467 F.Supp.2d at 990; Leuthold, 224 F.R.D. at 466-67; Prentice, 2007 WL 2729187 at *2; Beauperthuy, 2007 WL 707475 at *5; Wong, 2008 WL 753889 at *2.

-9-

policy, or practice of classifying all sales representatives as exempt without performing any individualized analysis of their job duties. Thus, Defendants have found sufficient similarity in the job duties of their sales representatives that they treat them as one homogenous group for purposes of the FLSA. Cf. Tierno v. Rite Aid Corp., 2006 WL 2535056 at *9 (N.D.Cal. Aug.31, 2006). It is somewhat disingenuous, then, for Defendants to argue that they should be permitted to treat all sales representatives as one group for purposes of classifying them as exempt, but that this Court can only determine the validity of that classification by looking to the specific job duties of each individual sales representative. Cf. Wang v. Chinese Daily News, Inc., 231 F.R.D. 602, 613 (C.D.Cal.2005) ("Defendant cannot, on the one hand, argue that *all* reporters and account executives are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each reporter and account executive in order to determine whether that individual is 'exempt.'") (emphasis added).

Delgado, 2007 WL 2847238 at * 2.[9]  The same analysis holds true at the case at bar. Defendants have supplied pages of documents in hopes of deterring this Court from treating AM-III's as one group for the purposes of conditional certification. However, the simple fact remains that Defendants "found sufficient similarity in the job duties of their [AM-III's] to treat them as one homogenous group for purposes of the FLSA." Id.  Defendants cannot avoid the consequences of that decision by crying unique circumstances at this stage of the litigation.  Rather, a "detailed

---

[9] See, also, Prentice, 2007 WL 2729187 (certification appropriate where all employees were subject to the same classification decision); Beauperthuy, 2007 WL 707475 at *7 (Plaintiffs' declarations asserting that they were all classified as exempt and denied overtime pay sufficient for conditional class certification); Wong, 2008 WL 753889 (conditional certification granted against Defendants' sister companies based on a uniform classification).

-10-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

discussion of the differences [in individuals'] potential claims . . . [is] better suited for the more stringent second step of the § 216(b) collective action analysis – i.e., Defendant's arguments are better suited for motion to decertify the § 216(b) collective action filed once notice has been given and the deadline to opt-in has passed." Edwards, 467 F.Supp.2d at 990.[10]

### b. Defendants Admit that FQ-IAE's Outside of California and Illinois Were Subject to the Same Classification Decision and Policy

By the same token, it is proper for this Court to certify a class of FQ-IAE's, if such a job title actually exists.[11] Defendants admit that all FQ-IAE's outside of California and Illinois were classified as exempt.[12] Because Defendants found sufficient similarity in their job duties to classify them as exempt, it is appropriate to treat these employees collectively at this stage. See Delgado, 2007 WL 2847238 at * 2; Edwards, 467 F.Supp.2d at 990; Leuthold, 224 F.R.D. at 468-69; Prentice, 2007 WL 2729187; Beauperthuy, 2007 WL 707475 at *7; Wong, 2008 WL 753889 at *3-4.

---

[10] See, also, Leuthold, 224 F.R.D. at 468-69 ("Defendants' arguments in their opposition brief [relating to varying levels of experience and whether some employees exercised more discretion than others] focus on the more stringent second tier analysis and raise issues that may be more appropriately addressed on a motion for decertification after notice is given to the proposed class.")

[11] See, supra, Section II.

[12] Defendants note that FQ-IAE's are classified as exempt pursuant to the "highly compensated employee" exemption to the FLSA. Although it is improper for the Court to consider the merits of Defendants' exemption defenses at this stage in the litigation, see Edwards, 467 F.Supp.2d at 990, it is worth noting that Defendants will have difficulty prevailing on this exemption. The exemption only applies "if the employee customarily and regularly performs any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee." 29 C.F.R. 541.601(a). Recently, Judge Chesney of the Northern District of California granted summary judgment to a class of loan officers against Defendants' sister companies on the "executive," "professional," "administrative," and "retail sales" exemptions. Wong, 2008 WL 753889 at *6-9.

### c. Plaintiffs' Declarations Have "Successfully Engaged" Defendants' Declarations to the Contrary on the Issue of Entry-IAE's, Such That Conditional Certification Is Appropriate[13]

On the record before the Court, Defendants' assertion that there existed a class of non-exempt Inside Account Executives stands on shaky ground, at best. The only evidence the Entry-IAE position exists is the Martin declaration,[14] which Plaintiffs have thoroughly impeached supra, in section II.

Plaintiffs' burden under a first stage analysis is, at most, to provide "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001). See also Guess v. U.S. Bancorp, 2008 WL 544475 (N.D.Cal. 2008); Romero v. Producers Dairy Foods, Inc., 235 F.R.D. 474, 482 (E.D.Cal. 2006).[15] Here, there is a genuine dispute between Plaintiffs' testimony and Defendants' testimony as to whether there ever was a group of Entry-IAE's who were classified as non-exempt. Thus, Plaintiffs have "successfully engaged" Defendants on this topic. It is therefore appropriate for this Court to grant judicial notice so others may be made aware of their rights in this claim. Certainly, it would be inequitable to deny notice to a group of Inside Account Executives based solely on one

---

[13] Almost as a side note, Defendants include a section in their brief alleging that none of the Inside Account Executives are adequate representatives of the class. Dkt. 62 at 5-6. Defendants did not, and cannot, site any cases suggesting that this Court should undertake an "adequacy" inquiry for conditional class certification. In fact, it is improper for this Court to do so. See Kinney Shoe Corp. v. Vorhes, 564 F.2d 859, 862 (9th Cir. 1977), overruled on other grounds in Hoffman-LaRoche, 493 U.S. at 165.

[14] Defendants produced records which purport to show hours worked by some Inside Account Executives. Without weighing in on the accuracy of those records, Plaintiffs note that Defendants have not provided any records showing that they actually paid overtime to any Inside Account Executives.

[15] As one court in this district recognized, this language should not be misconstrued to place a summary judgment burden on Plaintiffs at this stage of the proceedings. Smith, 2007 WL 2385131 at *7.

-12-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

declaration, which Plaintiffs have shown to be ripe with misstatements of fact.

## VI. THE COURT SHOULD DISTRIBUTE NOTICE AS PROPOSED BY PLAINTIFFS

Defendants request that Plaintiffs' motion be granted, if at all, only as to Decision One. At this point in the case, there has been no determination of whether the HSBC Defendants are "employers" under the FLSA. Defendants argue that HSBC defendants are <u>not</u> employers of Plaintiffs, but Plaintiffs note that HSBC paid Plaintiffs, provided retirement plans for Plaintiffs, provided health benefits to Plaintiffs, provided Plaintiffs with stock in HSBC, and gave Plaintiffs their performance reviews. <u>See</u> Dkt. 51-10; March 31 Misra Decl. Exh. A. On the face of these documents, it appears that HSBC was quite involved in Plaintiffs' employment.

On November 1, 2007, Plaintiffs provided Defendants with the opportunity to prove that HSBC defendants were improperly joined. <u>See</u> Dkt. 51-8. Defendants refused. <u>See</u> Dkts. 51-9, 51-11 through 51-13. As a result, there is yet not enough evidence in the record to determine whether the HSBC Defendants were Plaintiffs' employers. It is therefore premature to remove the HSBC Defendants from notice.[16]

Defendants also request that notice be sent by Defendants or by a Court appointed administrator. This is not the practice contemplated by the Supreme Court or authorized in by courts in this circuit. <u>See</u> <u>Hoffman La Roche, Inc.</u>, 493 U.S. at 170 (permitting the discovery of names and contact information for the

---

[16] Defendants also argue that Plaintiffs have waived their right to recover damages from HSBC because their consent forms, for the sake of clarity, say that they worked for Decision One. The argument is unavailing. First, Plaintiffs merely identify one of their employers; they do not testify that HSBC was <u>not</u> their employer. Second, the question of whether HSBC is Plaintiffs' employer is a legal decision for this Court to make – not a factual determination for Plaintiffs to make. Third, Plaintiffs cannot so easily waive their right to payment under the FLSA. <u>See</u> <u>Barrentine v. Arkansas-Best Freight System, Inc.</u>, 450 U.S. 728, 740 (1981).

-13-

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR CONDITIONAL CLASS CERTIFICATION**

purposes of notice); see also, e.g., Adams, 242 F.R.D. at 541-42 (authorizing mailing by plaintiffs' counsel); Stanfield v. First NLC Financial Services, LLC, 2006 WL 3190527 at *5 (N.D.Cal., 2006) (rejecting defendants' request to have notice mailed by a third party because doing so would add to plaintiffs' financial burden). The information Plaintiffs request is otherwise discoverable, and Defendants should be required to provide it to Plaintiffs. Stanfield, 2006 WL 3190527 at *5.

## VII.   CONCLUSION

For these reasons, and the reasons cited in Plaintiffs' Memorandum in Support of the instant motion, Dkt. 51-2, Plaintiffs request this Court grant their motion in its entirety.

Dated: March 31, 2008                    NICHOLS KASTER & ANDERSON, LLP

By:   s/ Matthew C. Helland
      Matthew C. Helland
      ATTORNEYS FOR PLAINTIFFS
      AND THE PUTATIVE CLASS